United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60839
Summary Calendar

BEATRICE OHIRI, also known as Beatrice Osisi,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 833 295
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

Beatrice Ohiri petitions for review of the Board of Immigration Appeals's (BIA) denial as untimely of her motion to reopen removal proceedings. She argues that her failure to timely file her motion to reopen was the direct result of the ineffective assistance of her two prior attorneys and that, as a result, the BIA should reopen her case pursuant to its "sua sponte" discretionary authority. 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's denial of a motion to reopen "under a highly deferential abuse of discretion standard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). Subject to certain exceptions, motions to reopen deportation proceedings must be filed within 90 days of the date of the final administrative decision. 8 C.F.R. § 1003.2(c)(2) and (c)(3). Ohiri concedes that her motion was not filed within the 90-day window and does not argue that an exception to the timeliness requirement is applicable to her motion to reopen. Accordingly, the BIA did not err in denying her motion as untimely.

We lack jurisdiction to review Ohiri's argument that the BIA erred when it declined to exercise its "sua sponte" authority to reopen her appeal due to ineffective assistance of counsel. Where, as conceded here, a motion to reopen is untimely, the petitioner has but one recourse to open her case: the BIA's equitable, discretionary authority to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision." *Id.* § 1003.2(a). Because this "sua sponte" relief is entirely discretionary and the BIA is under no obligation to reopen a case on an untimely motion, this Court lacks jurisdiction to review the BIA's denial of equitable relief. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004) ("[A] reviewing court has no legal standard against which to judge an IJ's decision not to invoke its *sua sponte* authority . .

. . Because Supreme Court precedent prohibits review of such discretionary decisions . . . this Court lacks jurisdiction.").

Ohiri's claim that her due process right to effective assistance of counsel was violated is meritless because she has no liberty interest in an adjustment of status. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). "[W]hen there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief." *Id.* Ohiri attempts to distinguish her case from *Gutierrez* by explaining that her lawyer's conduct was egregious, but the extent of her attorney's ineffective conduct is irrelevant to our decision that there is no liberty interest in an adjustment of status.

The petition for review is DENIED.