# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60206
Summary Calendar

SHENGPING GAO,

Petitioner,

v.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL,

Respondent.

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 880 764

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Shengping Gao, a native and citizen of China, entered the United States on May 23, 2002, using a fraudulent passport. Gao has petitioned for review of the denial of her application for adjustment of her status based on her marriage to a United States citizen and the dismissal of her motion to reopen her removal proceedings.

Gao contends that the BIA erred in determining that she was ineligible for adjustment of status. "The status of an alien who was inspected and admitted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a) (emphasis supplied). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). The BIA determined that Gao was not eligible for adjustment of status because she had not been "admitted" under the statutory definition of that term. The BIA determined, "Because the respondent used a false passport to gain admission into the United States, her entry was not lawful and thus she was not 'admitted' for purposes of [§ 1255(a)]." Gao has not shown that the BIA has construed §§ 1255(a) and 1101(a)(13)(A) impermissibly. See White v. INS, 75 F.3d 213, 215 (5th Cir. 1996).

Gao contends that her attorneys rendered ineffective assistance in failing to assert an asylum claim on her behalf and that her right to due process was violated because she was not provided with a Chinese language interpreter. These issues were first asserted in Gao's motion to reopen. The BIA denied the motion to reopen as untimely filed.

We review the BIA's denial of a motion to reopen "under a highly deferential abuse of discretion standard." Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(1)&(2). There are a few exceptions to the time limitations on motions to reopen, none of which apply in this case. See § 1003.2(c)(3)(i)-(iv). In addition, the BIA has authority to sua sponte reopen a case in which it has rendered a decision. See § 1003.2(a). "A denial of an untimely motion to reopen has the same legal effect as a failure to exercise sua sponte authority to reopen a case." Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249 n.3 (5th Cir. 2004) (emphasis omitted).

The Supreme Court has stated that an appellate court may not review an agency's discretionary determination where there is "no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). "The Code of Federal Regulations suggests that no meaningful standard exists against which to judge [the BIA's] decision to exercise sua sponte authority to reopen deportation proceedings." Enriquez-Alvarado, 371 F.3d at 249 (interpreting similar provision applicable to the authority of immigration judges to reopen proceeding, 8 C.F.R. § 1003.23(b)); see also Ohiri v. Gonzales, 233 F. App'x 354, 356 (5th Cir. 2007) (following Enriquez-Alvardo in § 1003.2(a) case)). For that reason, we lack jurisdiction to review the denial of Gao's motion to reopen. See Enriquez-Alvarado, 371 F.3d at 249.

Because Gao has not briefed the question whether the BIA abused its discretion in denying the motion to reopen as untimely, we have not considered whether the BIA abused its discretion in determining, in the alternative, that the period for filing a timely motion to reopen should not be equitably tolled and that Gao's ineffective assistance claim was without merit. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

The petition for review of the application for adjustment of status is DENIED. The petition for review of the motion to reopen the deportation proceedings is DISMISSED.