**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60068
Summary Calendar

HANS WERNER LUDWIN DOREANTES-QUINONEZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 290 387

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Hans Werner Ludwin Doreantes-Quinonez, a native and citizen of Guatemala, petitions this court for review of an order from the Board of Immigration Appeals (BIA) affirming the order of the immigration judge (IJ) denying his motion to reopen his deportation proceedings. On July 11, 1989, the IJ granted Doreantes-Quinonez voluntary departure, requiring him to leave the country by August 11, 1989. The IJ's order was based upon a stipulation, which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was signed by Doreantes-Quinonez and submitted by his counsel, conceding Doreantes-Quinonez's deportability and requesting voluntary departure. On November 24, 2006, represented by new counsel, Doreantes-Quinonez filed a motion to reopen his proceedings in order to seek relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA). Doreantes-Quinonez argued in his motion to reopen that the final order was issued in absentia and that he had been unaware until recently that he had been granted voluntary departure in 1989.

To the extent that Doreantes-Quinonez's motion to reopen was filed under NACARA, he failed to meet the September 11, 1998, filing deadline. *See* 8 C.F.R. § 1003.43(e)(1). Because the untimeliness of that motion constitutes a failure to exhaust his administrative remedies, this court lacks jurisdiction to consider the denial of the motion to reopen on that basis. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248 (5th Cir. 2004). Doreantes-Quinonez's petition for review is dismissed in part on that basis.

In his motion to reopen, Doreantes-Quinonez also invoked 8 C.F.R. § 1003.23(b)(4)(ii), which permits an alien to file at any time a motion to reopen challenging an in absentia removal order if the alien demonstrates that he did not receive sufficient notice of the proceeding. Because Doreantes-Quinonez was in deportation proceedings, rather than removal proceedings, the applicable regulation is 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2), which contains an analogous exception. The IJ determined that Doreantes-Quinonez's deportation hearing was not conducted in absentia and that, even if it had been conducted in absentia, the law governing motions to reopen for NACARA relief did not contain a filing-deadline exception for in absentia hearings. Because the BIA affirmed the IJ's decision without opinion, this court may review the IJ's decision. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

To the extent that Doreantes-Quinonez argues in this petition that his first counsel's representation of him ended at some point during his deportation

proceedings, this court lacks jurisdiction to consider that argument because Doreantes-Quinonez failed to exhaust his administrative remedies regarding that argument by raising it before the BIA. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Our review of the relevant laws and regulations relating to whether Doreantes-Quinonez's deportation hearing was conducted in absentia and whether a motion to reopen seeking NACARA relief may qualify for the filing-deadline exception set forth in § 1003.23(b)(4)(iii)(A)(2) indicates that the IJ's interpretations as to both issues were reasonable and are therefore entitled to deference. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). Based upon that deference, Doreantes-Quinonez's petition for review is denied in part to the extent he sought relief under § 1003.23.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.