United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 03-60294

———————————————

JOSE MARIO ENRIQUEZ-ALVARADO,

Petitioner,

versus

JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL,

Respondent.

———————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————————————————————

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

This appeal concerns whether this Court has jurisdiction to consider whether the Board of

Immigration Appeals ("BIA") should have compelled the Immigration Judge ("IJ") to reopen a case

based on the IJ's *sua sponte* authority. We hold that we lack jurisdiction.

**I. FACTS AND PROCEEDINGS**

Jose Mario Enrquez-Alvarado ("Alvarado") is a native and citizen of El Salvador. He arrived

in the United States at Brownsville, Texas in October 1988. On January 5, 1989, the Immigration

and Naturalization Service ("INS") issued an Order to Show Cause, charging that Alvarado entered

1

the United States without inspection in violation of the Immigration and Nationality Act ("INA") § 241(a)(2), 8 U.S.C. § 1251(a)(2). Alvarado filed an application for political asylum in June 1989, but failed to appear at his immigration hearing. The IJ found him deportable *in absentia* on November 1, 1989. Alvarado appealed the ruling in November 1989, and the BIA dismissed his appeal in April 1990.

One year after he appealed the IJ ruling, in November 1999, Alvarado petitioned the IJ to reopen his case under the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). The Government did not join in the petition. On August 11, 2000, the IJ denied Alvarado's motion to reopen as untimely. Alvarado appealed this ruling to the BIA. The BIA dismissed the petitioner's appeal. Alvarado seeks to appeal that dismissal.

## II. DISCUSSION

Because Alvarado failed to exhaust his administrative remedies under NACARA, his only basis for contending that the IJ should have reopened his case is that the IJ should have exercised his *sua sponte* authority to do so. As discussed below, jurisdiction does not lie for this Court to consider that issue.

A. NACARA

NACARA provides that a qualified Salvadoran national may reopen a deportation proceeding if the national files a petition within a time frame set by the Attorney General. NACARA § 203(c). The Attorney General set the time frame to file special motions to reopen under NACARA in 8

2

C.F.R. § 1003.43(e); it states that a motion to reopen under NACARA § 203 "must be filed no later than September 11, 1998."[1]

Alvarado petitioned the IJ to reopen his case under NACARA in November 1999, over one year after the September 11, 1998 deadline. His delinquency precludes this Court from exercising jurisdiction over his appeal of the NACARA proceeding. Section 1252(d) of Title 8 provides that a court may review a final order of removal only if an "alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). In the context of deportation cases, this Court has held that where a statute requires exhaustion of administrative remedies, "an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to [this Court's] consideration of the issue." *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). Persuasive authority also suggests that failure to meet a timely filing requirement for review of deportation proceedings strips a reviewing court of jurisdiction. *Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996) ("It is well settled that the requirement of a timely petition for review is mandatory and jurisdictional."). In effect, Alvarado's failure to meet the September 11, 1998 deadline constituted a failure to exhaust his administrative remedies. This failure deprives this Court of jurisdiction specific to the special exception for reopening a deportation case under NACARA.

B. An IJ's *sua sponte* authority

Despite Alvarado's failure to file a timely petition under NACARA, Alvarado contends that the IJ should have exercised his *sua sponte* authority to reopen the case. The Code of Federal

---

[1] The Attorney General set the earliest filing date that petitioners could file a special motion to reopen as January 16, 1998. 64 Fed. Reg. 13664 (March 22, 1999).

Regulations grants an IJ *sua sponte* authority to reopen a case. 8 C.F.R. § 1003.23(b).[2] It states that "[a]n [IJ] may upon his or her own motion at any time, or upon motion of . . . the alien, reopen or reconsider any case in which he or she has made a decision . . . ." *Id.*; *accord Wang*, 260 F.3d at 453; *In re G-D-*, Int. Dec. 3418, 1999 WL 1072237 (BIA 1999). Likewise, 8 C.F.R. § 1003.2(a) grants the BIA similar *sua sponte* authority. This Court has not yet ruled as to whether it has jurisdiction to consider whether an IJ or the BIA should have exercised *sua sponte* authority to reopen a case. *Wang*, 260 F.3d at 453 & n.4 (declining to decide whether jurisdiction was appropriate regarding the IJ's decision not to exercise *sua sponte* jurisdiction because petitioner had failed to exhaust administrative remedies); *cf. Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000) (holding—in the context of a *timely* filed motion—that jurisdiction is proper to consider a BIA's denial of a motion to reopen).[3]

Multiple circuits have held that they lack jurisdiction to hear such claims. *See, e.g., Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir. 2002) ("Because we cannot discover a sufficiently meaningful standard against which to judge the BIA's decision not to reopen under § 3.2(a), we hold that we do not have jurisdiction to review the [petitioners'] claim that the BIA should have exercised its *sua sponte* power."); *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999) (opining that it had no jurisdiction to review a petitioner's claim that the BIA should have invoked its *sua sponte* authority because "the very nature of the claim renders it not subject to judicial review"); *but see Anin v. Reno,* 188 F.3d

---

[2] This provision in the C.F.R. was formerly numbered as § 3.23(b).

[3] A denial of an untimely motion to reopen has the same legal effect as a failure to exercise *sua sponte* authority to reopen a case. *Wang*, 260 F.3d at 453 n.4 (treating the standard for reopening a case *sua sponte* as the same standard for reopening a case where a petitioner has filed an untimely motion).

1273, 1279 (11th Cir. 1999) (holding that 8 C.F.R. § 3.2 (a) "gives the BIA *non-reviewable* discretion to dismiss [petitioner's] claim," yet curiously analyzing that decision under an abuse of discretion standard and finding no abuse of discretion) (emphasis added).

In *Belay-Gebru v. INS,* 327 F.3d 998 (10th Cir. 2003), the Tenth Circuit examined this jurisdictional issue after a petitioner had filed an untimely motion for review of deportation proceedings. The court held that it lacked jurisdiction because the only basis for reopening the case *sua sponte,* 8 C.F.R. § 1003.2(a), "provides no standards controlling or directing the BIA's decision whether to reconsider on its own motion." *Id.* at 1001. Because the Supreme Court has opined that "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Heckler v. Chaney*, 470 U.S. 821, 830 (1985), the Tenth Circuit refrained from exercising jurisdiction over the *sua sponte* issue. *Belay-Gebru,* 327 F.3d at 1001.

The reasoning of *Belay-Gebru* is persuasive. The Code of Federal Regulations suggests that no meaningful standard exists against which to judge an IJ's decision to exercise *sua sponte* authority to reopen deportation proceedings. The relevant provision states that "[a]n Immigration Judge *may* upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision . . . ." 8 C.F.R. § 1000.23 (emphasis added). The permissive, "may," indicates that reopening the case is not mandatory, but rather within the discretion of the IJ. *See* BLACK'S LAW DICTIONARY 993 (7th ed. 1999). That is, it implies that the IJ is under no obligation to reopen a case. Were the presence of any circumstance sufficient to *compel* an IJ to reopen the case, then the plain meaning of "may" would be contravened. The Code of Federal Regulations thus suggests that a reviewing court has no legal standard against which to

judge an IJ's decision not to invoke its *sua sponte* authority. 8 C.F.R. § 1003.23. Because Supreme Court precedent prohibits review of such discretionary decisions, *see Heckler,* 470 U.S. at 830, this Court lacks jurisdiction.

### III. CONCLUSION

For the reasons stated above, we lack jurisdiction to consider this appeal. The petition for review of the BIA's ruling is DENIED.