United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20504
Summary Calendar

TUNDE HARRY WILLIAMS,

                                        Petitioner-Appellant,

versus

ROBERT MASON, Officer in Charge, HIPOLITO ACOSTA,
District Director, Immigration Naturalization Service;
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL;
ANY OTHER PERSON HAVING PLAINTIFF IN CUSTODY,

                                        Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1877

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Tunde Harry Williams appeals the district court's
dismissal of his petition for writ of habeas corpus filed pursuant
to 28 U.S.C. § 2241.  In his petition, Williams argued that the INS
deprived him of his right to Fifth Amendment due process by not
reopening his removal proceeding so that he could pursue adjustment
of status under the Legal Immigration and Family Equity (LIFE) Act,

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1255(i). He challenged the decisions of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceeding and also denying his motion to reconsider the BIA's denial of his motion to reopen. Finding no error, we AFFIRM.

The district court correctly concluded that it lacked jurisdiction for three reasons. First, Williams seeks review of the Attorney General's decision to execute a removal order, review of which is precluded under 8 U.S.C. § 1252(g). See Cardoso v. Reno, 216 F.3d 512, 516-17 (5th Cir. 1999). Second, because Williams's motion to reopen his case was filed untimely, he failed to exhaust his administrative remedies, which precluded the district court from exercising jurisdiction over his claims. See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248 (5th Cir. 2004). Finally, because no legal standard exists against which to judge the BIA's decision not to exercise its sua sponte authority to reopen Williams's removal proceeding and not to reconsider that decision, the district court lacked jurisdiction to review the BIA's discretionary decisions. See id. at 250; see also Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003) ("Although federal courts retain habeas jurisdiction to review statutory and constitutional claims, there is no jurisdiction to review denials of discretionary relief.").

The district court also denied Williams's alternative request for a transfer of his case to this court for direct review pursuant to 28 U.S.C. § 1631. For the reasons set forth above,

2

transfer of this action by the district court would not have been proper because this case could not have been brought in this court at the time that it was filed.  See 28 U.S.C. § 1631.

Accordingly, the judgment of the district court is **AFFIRMED.**