United States Court of Appeals
Fifth Circuit

**F I L E D**

September 4, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 06-60640
Summary Calendar

---

IMTIAZ ALI

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 948

---

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Imtiaz Ali has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. In his motion, Ali contended that the approval of an immigrant petition for alien worker, of which he was the beneficiary, made him eligible for adjustment of status. The BIA denied the motion as untimely and determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the case did not present exceptional circumstances warranting sua sponte reopening of the proceedings.

An alien may generally file one motion to reopen, which must be submitted within 90 days of the final decision of the BIA.  8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  Ali argues that the BIA should have equitably tolled the 90-day period because of the approval of the immigrant petition for alien worker.

Judicial review of a final order of removal is available only if the applicant has exhausted all administrative remedies of right.  8 U.S.C. § 1252(d)(1). Because Ali did not raise the issue of equitable tolling before the BIA, he failed to exhaust his administrative remedies as to that issue.  See Wang v. Ashcroft, 260 F.3d 448, 452–53 (5th Cir. 2001).  Failure to exhaust an issue creates a jurisdictional bar to that issue.  Heaven v. Gonzales, 473 F.3d 167, 177 (5th Cir. 2006).  This court lacks jurisdiction to review the BIA's refusal to exercise its discretion, under § 1003.2(a), to reopen the removal proceedings sua sponte.  See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 250 (5th Cir. 2004)).  The petition is DISMISSED.