IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-61122
Summary Calendar

———

FARID HADJ ALI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 351 852

———

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Farid Hadj-Ali, a native and citizen of Algeria, filed a petition for review of the Board of Immigration Appeals' (BIA) denial of his second motion to reopen removal proceedings. Hadj-Ali's second motion alleged ineffective assistance of counsel. The BIA refused to waive the time and numerical limitation requirements for Hadj-Ali's second motion because the motion and supporting evidence did not conform to the requirements of Matter of Lozada, 19 I.&N. Dec.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

637 (BIA 1988). Hadj-Ali argues that the BIA abused its discretion in not using its sua sponte authority to reopen his hearing in spite of the fact that he is married to an American citizen.

Appellate courts cannot undertake review of an agency's discretionary determination where there is "no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985). There are no guidelines directing the BIA's decision whether to reconsider on its own motion. See 8 C.F.R. § 1003.2(a). Therefore, this court has no jurisdiction to review the BIA's decision to deny Hadj-Ali's untimely motion to reopen. See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249-50 (5th Cir. 2004) (concluding that appellate courts were precluded from reviewing an IJ's denial of an untimely motion to reopen).

Accordingly, Hadj-Ali's petition for review is DENIED.