# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-60373
Summary Calendar

TAO YANG

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 819 912

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tao Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his third motion to reopen his 1999 removal proceedings. Yang sought to have the BIA reopen the proceedings pursuant to its sua sponte authority in 8 C.F.R. § 1003.2(a). The BIA determined that Yang's motion was time and number barred, that ineffective assistance could not excuse his failure to file a timely motion to reopen, and that equitable tolling was not warranted because Yang had not exercised due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

diligence.  Yang argues that the BIA erred in denying the motion because he established exceptional circumstances based on ineffective assistance of counsel. He also asserts that the time and number limitations should be equitably tolled due to  the ineffective assistance of counsel.

Because the BIA has complete discretion in deciding whether to reopen removal proceedings sua sponte, see § 1003.2(a), there is no meaningful standard against which to review this decision, and this court lacks jurisdiction over it. See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 249-50 (5th Cir. 2004).  Even if equitable tolling applies to motions to reopen and Yang's equitable tolling arguments could be considered, he has not established that the BIA abused its discretion in holding that he was not entitled to equitable tolling because he had not shown due diligence.  See Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005).

The petition for review is DENIED.