

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# Quintanilla Suarez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Quintanilla Suarez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3245
_____

ROBINSON MARTIN QUINTANILLA SUAREZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-732-377)
Immigration Judge: R.K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 3008
Before: MCKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed: November 19, 2008)
_____

OPINION
_____

PER CURIAM

        Robinson Martin Quintanilla Suarez ("Quintanilla"), a native and citizen of Peru,

petitions for review of a final order of the Board of Immigration Appeals ("BIA"),

ordering his removal from the United States.

## I.

Quintanilla entered the United States on or about April 4, 1999, at Miami, Florida. He was placed in removal proceedings pursuant to a Notice to Appear dated February 24, 2003. At a master calendar hearing on April 29, 2003, Quintanilla conceded the charges and sought relief through adjustment of status, based upon his marriage to Luzmila Quintanilla, a United States citizen, pursuant to INA § 245(a), 8 U.S.C. § 1255(a). At the conclusion of the merits hearing on October 18, 2005, the IJ granted Quintanilla's application for adjustment of status and accompanying waiver of inadmissibility under § 212(i).

On November 16, 2005, the Department of Homeland Security ("DHS") appealed the decision and filed a motion to reconsider. Concluding that the government's motion was untimely and therefore not permitted, the IJ reopened the proceedings sua sponte to consider a package of documents that the government had not provided in Quintanilla's original merits hearing. The documents reflected that Quintanilla had used a fraudulent birth certificate indicating that he was born in the United States territory of Puerto Rico. Quintanilla allegedly used this fraudulent birth certificate in an attempt to obtain a passport from the United States. Although Quintanilla was never charged for this conduct, the IJ concluded that the evidence clearly supported his removal, pursuant to § 237(a)(1)(A) of the INA, as an alien who had sought to procure a United States passport

2

by fraud in violation of INA § 212(a)(6)(C)(i), an offense for which a waiver is not available. See 8 U.S.C. § 1182(a)(6)(C)(i).

Following that hearing, the IJ issued an amended decision, revoking the grant of adjustment of status and the waiver of inadmissibility due to Quintanilla's fraudulent claim of U.S. citizenship, and ordered him removed to Peru. Quintanilla filed an appeal with the BIA. Concluding that the IJ reopened the case sua sponte, the Board found that the IJ's decision to reopen was governed by 8 C.F.R. § 1003.23(b)(1), which vests total discretion in the IJ to reopen a case on his or her own motion. As a result, the Board explained that the IJ was not constrained by the language in 8 C.F.R. § 1003.23(b)(3), which requires a party show that evidence sought to be offered is material, was unavailable and could not have been discovered at the former hearing. The Board further concluded that the IJ did not violate Quintanilla's due process rights by admitting the evidence, and thus affirmed the IJ's decision. Quintanilla filed a timely petition for review.

**II.**

Quintanilla argues that the IJ abused her discretion by reopening his case sua sponte. The threshold question is whether we have jurisdiction to review this argument. In Calle-Vujiles v. Ashcroft, we held that we had no jurisdiction to review the BIA's decision to invoke its sua sponte authority to reopen a case under 8 C.F.R. § 1003.2(a), because that authority "is committed to [the agency's] unfettered discretion. Therefore,

the very nature of the claim renders it not subject to judicial review." 320 F.3d 472, 474 (3d Cir. 2003). Although we have not yet held that the same analysis applies to the IJ's discretionary authority to sua sponte reopen a case, the two provisions governing the IJ's and the BIA's authority to reopen a case are similar in all respects. As such, the analysis in Calle-Vujiles governing this Court's jurisdiction to review discretionary Board decisions applies equally to sua sponte decisions by an IJ. Compare 8 C.F.R. § 1003.2(a) (defining the BIA's authority), with 8 C.F.R. 1003.23(b)(1) (defining the IJ's authority).

Like the regulation governing the BIA's authority to reopen a case, the regulation providing an IJ's sua sponte reopening authority states that an Immigration Judge "may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1). As we explained in Calle-Vujiles, "the view that decisions not to sua sponte reopen or reconsider are non-reviewable is based on Heckler v. Chaney, 470 U.S. 821 (1985)." 320 F.3d at 474. In Heckler, the Supreme Court held that courts have no jurisdiction to review matters "committed" to an agency's discretion, including cases where the court has no meaningful standard of review against which to measure an agency's exercise of discretion. 470 U.S. at 830.

Quintanilla argues that, consistent with Heckler, there is a meaningful standard of review to judge the agency's exercise of discretion. See 470 U.S. at 830. That standard

4

is whether "exceptional circumstances" existed by which the IJ should have properly

disregarded federal regulations relating to motions to reopen. See Matter of J-J-, 21 I&N

Dec. 976 (BIA 1997). In Matter of J-J-, the BIA recognized that the applicable regulation

permits the Board to reopen proceedings sua sponte in "exceptional situations." Id. at

984. Quintanilla has not cited one case applying the "exceptional situation" language in

the context of the IJ's sua sponte power under § 1003.23(b)(1). Moreover, we considered

and rejected this argument as it applies to the Board's discretion in Calle-Vujiles, 320

F.3d at 474-75, reasoning that "in In re J-J -, the BIA acknowledged only that [§

1003.2(a)] allows the Board to reopen proceedings in exceptional situations; it did not

hold that the regulation requires the Board to reopen proceedings in exceptional

situations." Id. at 475. Because the IJ, like the BIA, "retains unfettered discretion to

decline to sua sponte reopen or reconsider a deportation proceeding, this court is without

jurisdiction to review a decision [ ] to exercise such discretion to reopen or reconsider the

case." Id.[1]

Although we are constrained from reviewing the IJ's discretionary reopening of

Quintanilla's case, we are not limited in our ability to review his arguments that the BIA

violated his right to due process by affirming the IJ's decision to admit evidence that he

_____

[1]At least one Court of Appeals has concluded there is no meaningful standard by which to review an IJ's discretionary decision not to exercise his or her sua sponte authority to reopen a deportation proceeding. See, e.g., Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248-50 (5th Cir. 2004).

falsely represented himself as a United States citizen in order to obtain a U.S. passport. This purely legal argument requires no determination of the limits of the IJ's discretion.

To be successful in a due process claim, a moving party must show that he was prevented from reasonably presenting his case. Uspango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002). At the reopening hearing, at which Quintanilla's counsel was present, the IJ gave Quintanilla the opportunity to respond to the Government's evidence, which had been provided to him well in advance of the hearing. (See A.R. at 191.) The evidence included a sworn statement that Quintanilla had "executed a passport application at Lehigh County Courthouse" using someone's name and "submitted a Puerto Rican birth certificate as proof of U.S. Citizenship." (A.R. at 217-18.) There was no indication that Quintanilla did not voluntarily sign the statement and Quintanilla did not offer any defense to the evidence except his father had undergone a major surgery. (See A.R. at 189.) The evidence considered by the IJ satisfies this Court's test for admissibility as it was relevant, probative, and its use was not fundamentally unfair. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). Accordingly, we find no due process violation.

Finally Quintanilla argues that the BIA erred in concluding that the government presented sufficient evidence to support a finding that Quintanilla made a false claim to U.S. citizenship. We have reviewed the record and conclude that the Board's decision is supported by substantial evidence.

6

## III.

For the foregoing reasons, the petition will be dismissed in part and denied in part.