# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2012

Lyle W. Cayce
Clerk

No. 11-60010
Summary Calendar

MARCO ANTONIO MERINO-FERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A035 398 351

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Merino-Fernandez, a native and citizen of Chile who was removed from the United States, challenges the determination of the Board of Immigration Appeals (BIA) that neither the BIA nor the immigration judge (IJ) had jurisdiction to consider his motion to reopen his removal proceedings. The BIA relied on the post-departure bar in 8 C.F.R. §§ 1003.2(a) and 1003.23(b)(1), which provide that a motion to reopen "shall not be made" by or on behalf of a person who is the subject of removal proceedings "subsequent to his or her

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure from the United States." § 1003.2(d) (pertaining to motions before the BIA); § 1003.23(b)(1) (pertaining to motions before an IJ).

Merino-Fernandez contends that the post-departure bar conflicts with 8 U.S.C. § 1229a(c)(7), but we rejected a similar challenge to the validity of the post-departure bar in *Ovalles v. Holder*, 577 F.3d 288, 292-96 (5th Cir. 2009). Because Merino-Fernandez had previously filed two motions to reopen, the instant motion to reopen was number barred—just as Ovalles's motion was time barred—by the very statute that he invokes against the regulation prohibiting post-departure motions. *See id.* at 296. Merino-Fernandez relies on the Supreme Court's recent decision in *Union Pacific Railroad Co. v. Brotherhood of Locomotive Engineers & Trainmen General Committee of Adjustment, Central Region*, 130 S. Ct. 584, 596-99 (2010), and contends that the BIA's application of the post-departure bar as a jurisdictional rule improperly narrowed the statutory authority of the BIA and the IJ to grant motions to reopen. However, there was no such error in the application of the bar in Merino-Fernandez's case because he had no right under the statute to file a number-barred motion to reopen in the first place. *See Ovalles*, 577 F.3d at 296.

To the extent that he challenges the refusal of the BIA to exercise sua sponte authority to reopen his case, we lack jurisdiction to review his claim. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 & n.3 (5th Cir. 2004). Merino-Fernandez contends that the BIA erred by refusing in light of § 1003.2(d) to consider whether to exercise its sua sponte authority to reopen his case, but we rejected the same argument in *Ovalles*. *Ovalles*, 577 F.3d at 296-97. In addition, he challenges the BIA's application of the post-departure bar by challenging the validity of his underlying removal order, but we lack jurisdiction to review this claim because he did not separately petition for review of the underlying order. *See Stone v. INS*, 514 U.S. 386, 394-95 (1995). Merino-Fernandez also argues that the BIA violated his due process rights by enforcing

the post-departure bar in his case, but we rejected that argument in *Ovalles*. *Ovalles*, 577 F.3d at 298-99.

       PETITION DISMISSED IN PART AND DENIED IN PART.