# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2013

No. 12-60124
Summary Calendar

Lyle W. Cayce
Clerk

RUDY ALCIDES SANCHEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 797 740

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rudy Alcides Sanchez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying the motion to reopen his removal proceeding. He filed the motion to reopen more than four years after the in absentia order of removal was issued.

While Sanchez's signature appears on the Notice to Appear containing the time, date, and location of his removal hearing, he denies receiving personal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

service of the notice because he does not recall receiving it. He asks this court to excuse his forgetfulness because he was nervous and fearful at the time, having fled violence in El Salvador and having recently crossed the border between Mexico and the United States.

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Under that standard, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* The BIA's conclusion that Sanchez received personal service of the Notice to Appear was supported by the record, including Sanchez's own signature on the Government's copy of the Notice to Appear. *See Gomez-Palacios* , 560 F.3d at 358. The BIA thus did not abuse its discretion in denying the motion to reopen based on Sanchez's claims of lack of notice.

We also find no abuse of discretion in the determination that the motion to reopen was not authorized under § 1229a(c)(7)(C)(ii). Sanchez effectively concedes that his claims for asylum and withholding of removal were not based on changed country conditions in El Salvador, asserting that it "would be hard to imagine" that conditions in El Salvador "could get much worse" because the conditions "are already so deplorable."

Sanchez's remaining arguments provide no legal basis for overcoming the statutory untimeliness of his motion to reopen. *See* § 1229a(b)(5)(C), (c)(7)(C)(ii). To the extent he challenges the decision not to reopen the proceeding sua sponte under 8 C.F.R. § 1003.23(b), we lack jurisdiction to review that decision. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004).

The denial of Sanchez's motion to reopen was not "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358. The petition for review is DENIED.