# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2013

Lyle W. Cayce
Clerk

No. 12-60899
Summary Calendar

DAVID OLUSOLA OLADOKUN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 702 543

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Olusola Oladokun is a native and citizen of Nigeria. In November 2002, he was charged with being subject to removal as an alien without having been admitted or paroled. Oladokun conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge (IJ) denied Oladokun's application on July 22, 2003. The Board of Immigration Appeals (BIA) affirmed the IJ's decision on February 3, 2005. Oladokun filed motions that the BIA construed as motions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to reopen on April 13, 2012, and September 26, 2012. He now petitions for review of the BIA's February 3, 2005, decision that affirmed the denial of relief from removal as well as its October 22, 2012 denial of his motion to reopen as time and number barred.

A petition for review must be filed no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Oladokun's November 19, 2012, challenge to the BIA's February 3, 2005, decision affirming the denial of relief from removal is untimely. *See* § 1252(b)(1). We lack jurisdiction to review an untimely petition for review. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

Oladokun's petition for review is timely as to the BIA's October 22, 2012, denial of his motion to reopen. *See* § 1252(b)(1). The motion to reopen, however, was not filed timely from the proceeding it sought to reopen. An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA properly determined that Oladokun's motion to reopen was untimely because it was filed more than 90 days after the BIA's final decision. *See* § 1229a(c)(7)(C)(i); § 1003.2(c)(2).

Moreover, an alien may file only one motion to reopen within 90 days of the date of the final order of removal. § 1229a(c)(7)(C)(i); § 1003.2(c)(2). Given that Oladokun filed a motion to reopen on April 13, 2012, the current motion to reopen is also number barred. *See* § 1229a(c)(7)(C)(i); § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion when it denied Oladokun's motion to reopen. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). To the extent that Oladokun argues that the BIA abused its discretion by refusing sua sponte to reopen the proceedings, this court lacks jurisdiction to review such an argument. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004)

Accordingly, Oladokun's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.