# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2017

Lyle W. Cayce
Clerk

SARBPREET SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 855 561

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sarbpreet Singh, a native and citizen of India, petitions for review of the denial of his most recent motion to reopen. In denying the motion, the Board of Immigration Appeals (BIA) first determined that it was number-barred, untimely, and did not fit within any of the exceptions to the filing requirements. Second, the BIA declined to exercise its sua sponte authority to reopen, asserting that it had considered the record in its entirety, it had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered Singh's arguments, and Singh had not shown an exceptional situation warranting exercise of its discretion to reopen sua sponte. In support of this decision, the BIA cited *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997).

Singh does not challenge the merits of the BIA's first ruling. Instead, he contends that the BIA's order contained only two sentences; the order did not show that the BIA had engaged in reasoned decision-making; and the order thus did not comply with the Administrative Procedure Act (APA). He asks us to remand to require the BIA to provide additional reasons for its decision. Additionally, Singh contends that *Matter of V-X-*, 26 I. & N. Dec. 147 (BIA 2013), constituted a fundamental change in the law warranting sua sponte reopening and that *Matter of V-X-* establishes that incorrect procedures and regulations were used in terminating his asylum, ordering his removal, and denying his applications for adjustment of status.

The APA does not apply to individual adjudications under the immigration laws. *See Ardestani v. INS*, 502 U.S. 129, 133-34 (1991). Accordingly, we DENY Singh's request for remand.

Regarding Singh's argument that the BIA erred in denying his motion to reopen, we lack jurisdiction to review the BIA's refusal to exercise its discretionary, sua sponte authority to reopen a case. *Enriquez-Alvarado v. Ashcraft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Furthermore, even if we had jurisdiction, Singh has failed to demonstrate an abuse of discretion because his case does no turn on the legal error he alleges. *See Matter of G-D-*, 22 I. & N. Dec 1132, 1135-36 (BIA 1999).

We DISMISS Singh's petition for review.