# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

No. 16-60337
Summary Calendar

ROSEMEYERE DIAS-FARIA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 511 906

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rosemeyere Dias-Faria, a native and citizen of Brazil, seeks review of the Board of Immigration Appeals' (BIA) decision not to exercise its *sua sponte* authority to reopen her removal proceeding. In support, Dias claims: (1) the administrative record before the BIA was incomplete; (2) the BIA erred by not considering that the motion to reopen was unopposed; (3) it improperly found

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60337

she was not diligent in waiting 13 years to file the motion; and (4) it misidentified the relief sought.

This court lacks jurisdiction to review the BIA's discretionary decision not to exercise its *sua sponte* authority to reopen. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004) (relying on *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). And, to the extent we would have jurisdiction to review legal or constitutional claims, Dias raises none.

As another basis for relief, Dias claims the BIA should have construed her brief as seeking equitable tolling of the period for filing a statutory motion to reopen. But, she did not exhaust this claim before the BIA. Accordingly, we lack jurisdiction to consider it. 8 U.S.C.A. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

DISMISSED.