# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2018

Lyle W. Cayce
Clerk

JUAN SANDOVAL-CHAVEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 569 315

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juan Sandoval-Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen.

In 2013, in conjunction with Sandoval's admitting to being removable for applying for admission into the United States without possession of valid travel documents, Sandoval's counsel advised Sandoval intended to apply for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60737

derived citizenship through his father and adjustment of status through his wife, both United States citizens. His counsel, however, never filed such applications, and the IJ granted voluntary departure. The BIA dismissed Sandoval's appeal.

Sandoval filed a statutory motion to reopen after the 90-day deadline, asserting his counsel provided ineffective assistance of counsel. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA denied his motion to reopen as untimely and refused to exercise its discretion to grant his motion to reopen *sua sponte* under 8 C.F.R. §§ 1003.23(b) or 1003.2(a).

Sandoval does not challenge the BIA's denial of his statutory motion to reopen as untimely. Instead, he asserts the BIA abused its discretion in refusing to reopen his removal proceedings *sua sponte* because counsel representing him during his removal proceedings provided ineffective assistance. We lack jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority to reopen removal proceedings. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004).

DISMISSED.