# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2018

Lyle W. Cayce
Clerk

JOSE GUERRERO-SOTO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 225 150

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Guerrero-Soto, a native and citizen of Mexico, has filed a petition for review from the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision denying his motion to reopen. Guerrero-Soto argues that the BIA erred in determining that the IJ correctly found that he was not entitled to equitable tolling of the 90-day limitations period applicable to statutory motions to reopen under 8 U.S.C

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60693

§ 1229a(c)(7)(A), (c)(7)(C)(i).  *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-44 (5th Cir. 2016).  Guerrero-Soto also contends that the BIA erred in finding that the IJ did not exhibit impermissible bias and that the BIA erred in declining to sua sponte reopen his case.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard."  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The ruling will stand even if we conclude that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id*. at 304 (internal quotation marks and citation omitted).

In the instant case, Guerrero-Soto filed his motion to reopen before the IJ more than nine years after the date of the order of removal.  Equitable tolling is warranted if the litigant established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lugo-Resendez*, 831 F.3d at 344 (internal quotation marks and citation omitted).

The argument that the BIA relied on his failure to appeal the removal order in determining that he did not show diligence is not supported by the record.  Aside from his decision to waive his appeal, Guerrero-Soto has not shown that he diligently pursued his rights in light of the fact that counsel entered an appearance in October 2012 and requested copies of the record in his removal proceedings at that time but did not file the instant motion to reopen proceedings until December 2014.  *See Lugo-Resendez*, 831 F.3d at 344.  Guerrero-Soto's assertions do not show a personal bias or pervasive prejudice on the part of the IJ.  *See Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982).

No. 16-60693

Moreover, his conclusory arguments do not show actual prejudice. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002).

Because he does not show that the BIA abused its discretion, *see Zhao*, 404 F.3d at 303-04, his petition for review is DENIED in part. To the extent that Guerrero-Soto challenges the BIA's exercise of its discretionary authority, we lack jurisdiction to review whether the BIA should have exercised its sua sponte authority to reopen a case. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). Therefore, the petition is DISMISSED in part.

Guerrero-Soto has also filed a petition for review from the decision of the BIA denying his subsequent motion to reconsider and to reopen. He repeats his assertions that he is entitled to equitable tolling, that the BIA erred in not exercising its sua sponte authority to reopen the proceedings, and that the IJ was biased.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Review of a motion to reconsider is under the "highly deferential abuse-of-discretion standard." *Zhao*, 404 F.3d at 303. He fails to show that the BIA abused its discretion in determining that he did not show a material error of law or fact regarding equitable tolling or impermissible bias. *See Zhao*, 404 F.3d at 301. Additionally, we lack jurisdiction to review the BIA's decision declining to exercise its sua sponte authority to reopen. *See Enriquez-Alvarado*, 371 F.3d at 248-50.

Accordingly, his second petition for review is DENIED IN PART and DISMISSED IN PART.