# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60399
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

RUBEN DARIO URIBE-SANCHEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 881 573

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Ruben Dario Uribe-Sanchez, a native and citizen of Mexico, challenges the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings. The BIA declined to exercise its sua sponte discretion to reopen the removal proceedings in light of the departure bar. Uribe-Sanchez contends that this was error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60399

While we lack jurisdiction to review the BIA's decision not to exercise its discretion to grant Uribe-Sanchez's motion to reopen, *see Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004), we may review whether the BIA correctly concluded that it lacked the power to reopen the removal proceedings sua sponte in light of the departure bar, *see Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675-76 (5th Cir. 2003); *Ovalles v. Holder,* 577 F.3d 288, 296-97 (5th Cir. 2009) (relying on *Navarro-Miranda*). Uribe-Sanchez's argument fails in light of the determination in those cases "that the BIA acted reasonably in determining that it lacked the *sua sponte* authority under [8 C.F.R. §] 1003.2(a) to reconsider or reopen [the alien's] case due to the post-departure bar in [8 C.F.R. §] 1003.2(d)." *Ovalles*, 577 F.3d at 296-97; *see also Navarro-Miranda*, 330 F.3d at 675-76.

This court reaffirmed the validity of the departure bar with respect to regulatory motions to reopen in *Lugo-Resendez v. Lynch*, 831 F.3d 337, 342 (5th Cir. 2016). Uribe-Sanchez cites no intervening change in the law that would allow this panel to overrule that binding precedent. *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).

PETITION DENIED.