# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60876
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2019

Lyle W. Cayce
Clerk

JUAN FRANCISCO RODRIGUEZ-TEYES,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 309 248

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:*

Juan Francisco Rodriguez-Teyes, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen immigration proceedings and dismissing his appeal of the denial by the Immigration Judge (IJ) of his motion to reopen Rodriguez-Teyes's immigration proceedings based on changed country conditions. Rodriguez-Teyes argues that the BIA erroneously

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60876

concluded that the IJ had jurisdiction over his case despite a defective Notice to Appear (NTA). He also alleges that the BIA and IJ erred in their determinations that he was not entitled to a motion to reopen based upon changed country conditions in El Salvador, specifically a well-founded fear of religious persecution.

We review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997). Because in this case the BIA's decision was influenced by that of the IJ, the IJ's decision must be considered. *See id.*

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and what he claims was a defective NTA, Rodriguez-Teyes argues that his motions to reopen should have been granted because the IJ never acquired jurisdiction over his case. However, this argument is unavailing as we have rejected an argument that *Pereira* applies in a case involving a motion to reopen. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (U.S. 2019); *see also Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019).

Rodriguez-Teyes argues that the IJ erred in not considering his claim of religious persecution because he presented the argument in his motion to reopen filed with the IJ. However, we will not consider the claim because it is unexhausted. *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009). Rodriguez also claims he is entitled to a reopening of his case because of his membership in particular social groups and the rise in gang violence in El Salvador. However, he does not address the reasons given by the IJ and the BIA for rejecting these claims. Therefore, he has waived any argument that the BIA erred in denying these claims. *See Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013). Finally, to the extent Rodriguez-Teyes challenges the

No. 18-60876

denial of his motion to reopen sua sponte, we lack jurisdiction to address the BIA's decision that Rodriguez-Teyes was not entitled to sua sponte reopening of his immigration proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004), *overruled on other grounds by Mata v. Lynch*, 135 S. Ct. 2150, 2155-56 (2015).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.