# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2012

Lyle W. Cayce
Clerk

No. 12-60055
Summary Calendar

TITO ALVARADO-RABANALES,

Petitioner

v.

ERIC H. HOLDER, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 819 639

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tito Alvarado-Rabanales (Alvarado), a native and citizen of Guatemala, was ordered removed from the United States on April 7, 1998. On April 27, 1998, Alvarado was removed from the United States. Alvarado reentered the United States soon after he was ordered removed. He filed a motion to reopen with the Immigration Judge (IJ) on July 25, 2011, over 13 years after the final administrative removal order was entered and executed. The IJ denied Alvarado's motion to reopen due to lack of jurisdiction because, inter alia,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60055

Alvarado had been removed from the United States before filing the motion. The Board of Immigration Appeals (BIA) concluded that the IJ properly determined that he was without jurisdiction to consider Alvarado's motion to reopen and accordingly dismissed the appeal. Alvarado now petitions this court for review.

Alvarado raises a number of challenges to the validity of the IJ's April 7, 1998 order of removal. Under 8 U.S.C. § 1252(a) and (b), we have jurisdiction to review final orders of removal. However, "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." § 1252(b)(1); *see also Roy v. Ashcroft*, 389 F.3d 132, 135 (5th Cir. 2004). "This deadline is jurisdictional." *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

In this case, Alvarado did not file a petition for review challenging the IJ's April 7, 1998 order within 30 days of that order. Therefore, we lack jurisdiction to consider the challenges he raises to the validity of that order.

Our jurisdiction is limited to reviewing the BIA's decision to dismiss Alvarado's appeal of the IJ's denial of his motion to reopen for lack of jurisdiction. The BIA dismissed Alvarado's motion to reopen as a matter of law. Therefore, the BIA's decision is reviewed de novo. *See Ovalles v. Holder*, 577 F.3d 288, 291 (5th Cir. 2009).

Alvarado argues that the IJ erred in treating the post-departure bar in 8 C.F.R. § 1003.23(b)(1) as limiting the jurisdiction of the IJ to consider his motion to reopen and that the BIA erred in dismissing his appeal. The post-departure bar provides that a motion to reopen "shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." § 1003.23(b)(1).

Alvarado first argues that the post-departure bar conflicts with § 1229a(c)(7) and should therefore be held invalid. Section 1229a(c)(7) allows an alien to "file one motion to reopen" removal proceedings "within 90 days of the date of entry of a final administrative order of removal" and does not mention a

No. 12-60055

limitation on post-departure motions.  § 1229a(c)(7)(A), (C)(i).  We examined a similar challenge to the validity of the post-departure bar in *Ovalles*, 577 F.3d at 292-96.  We did not determine whether the post-departure bar conflicted with the statutes governing motions to reconsider and reopen.  *Id.* at 295.  Instead, we held that the BIA properly determined that it lacked jurisdiction over the alien's motion to reconsider or reopen because the alien filed his motion after the expiration of the 30-day deadline for filing a motion to reconsider and the 90-day deadline for filing a motion to reopen.  *Id.* at 295-96.

As in *Ovalles*, the motion to reopen in this case is untimely.  The order of removal was entered on April 7, 1998.  Alvarado filed a motion to reopen on July 25, 2011.  Therefore, we need not determine whether the post-departure bar conflicts with § 1229a(c)(7).  *See id.*

Alvarado also argues that the IJ and BIA should have exercised their authority to sua sponte reopen the April 7, 1998 order of removal.  In *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004), we held that because there are no meaningful standards set forth in the regulations against which to judge the discretionary authority to sua sponte reopen removal proceedings, we lacked jurisdiction to review whether the IJ erred by not exercising its sua sponte authority.  Thus, we lack jurisdiction to review the IJ's and BIA's decisions not to reopen Alvarado's removal proceeding sua sponte.  *See Enriquez-Alvarado*, 371 F.3d at 249-50; *see also Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.