# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60620
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2016

Lyle W. Cayce
Clerk

YULIYA SEROVA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 672 376

Before SMITH, BENAVIDES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yuliya Serova, a native and citizen of Russia, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying her motion for reconsideration of its order affirming an immigration judge's (IJ) decision dismissing her appeal.[1] In her motion for reconsideration, Serova

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We note that our review is limited to the BIA's August 6, 2015, decision denying Serova's motion for reconsideration. Serova had 30 days after the BIA's denial of her petition to appeal that decision, *see* 8 U.S.C. § 1252(b)(1), and she failed to do so. Therefore, this court is without jurisdiction to consider Serova's substantive claims for relief under the

claimed that the IJ had failed to make certain factual findings that the BIA had required in a previous remand.  The BIA denied her motion on the grounds that Serova, in her motion for reconsideration, raised largely the same arguments that the BIA had considered and rejected on appeal.  Because the BIA found no error in the IJ's fact finding, and her argument constituted a mere disagreement with the BIA's prior holding on appeal, the BIA denied Serova's motion for consideration.

On appeal, Serova argues that the BIA abused its discretion in denying her motion for reconsideration.  Serova avers that the BIA's initial remand opinion "made it clear that more fact-finding was necessary."  Serova claims that the IJ's decision after remand was virtually the same as the IJ's first decision and merely consisted of "singular statements" that Serova was ineligible for relief.  Thus, Serova contends that, because the IJ did not make the findings required by the BIA's remand decision, the BIA committed error by failing to remand the proceedings a second time.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (stating that a motion for reconsideration fails if it does not "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked").  We review a denial of a motion to reconsider under the highly deferential abuse of discretion standard.  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).  Under the abuse of discretion standard, we must uphold the BIA's denial of a motion to reconsider unless the denial is "capricious, racially invidious, utterly without foundation in the evidence, or

---

Immigration and Nationality Act, §§ 1158 and 1231(b)(3), and the Convention Against Torture, 8 C.F.R. § 1208.16.  *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (citation and internal quotation marks omitted).

In this case, the BIA did not abuse its discretion in denying Serova's motion to reconsider. We agree with the BIA that Serova's motion to reconsider raised the same argument that she had previously raised on appeal to the BIA. Thus, Serova's motion for reconsideration did not present any "errors of law or fact" in the BIA's decision, as is required by § 1229a(c)(6)(C), that the BIA had not already considered and rejected. Because Serova's motion to reconsider only recycled the argument that she raised on appeal concerning the IJ's purported error, the BIA correctly found that her motion merely represented a disagreement with the BIA's prior decision. Such a disagreement does not establish the requisite grounds for a motion to reconsider. *See Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) (holding that "a motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision"); *see also Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (citing *O-S-G-* approvingly).

Because Serova's motion merely recycles the same argument that she made on appeal, and there is nothing to indicate—and Serova does not even argue—that the BIA's decision was arbitrary, capricious, racially invidious or otherwise discriminatory, *Singh*, 436 F.3d at 487, the BIA did not abuse its discretion in denying the motion. Accordingly, Serova's petition for review of the BIA's decision is DENIED.