# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2017

Lyle W. Cayce
Clerk

MANUEL BAEZA HERNANDEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 350 585

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Baeza Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order dismissing his appeal and affirming the Immigration Judge's (IJ) denial of his statutory motion to reopen and refusal to reopen proceedings sua sponte. The Government moves to dismiss the petition for review for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60018

Baeza Hernandez argues that the Supreme Court's decision in *Mata v. Lynch*, 135 S. Ct. 2150, 2153-55 (2015), held that this court has jurisdiction to review all motions to reopen regardless of the reason for the BIA's denial of the motion. However, we lack jurisdiction to review whether the BIA should have exercised its sua sponte authority to reopen a case. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). The ruling in *Mata* did not disturb that rule and, thus, we lack jurisdiction to review the BIA's decision not to reopen the proceedings sua sponte. *See Mata*, 135 S. Ct. at 2155; *Enriquez-Alvarado*, 371 F.3d at 250.

Baeza Hernandez also contends that the BIA erred in affirming the IJ's determination that the departure bar regulation applied to his motion to reopen sua sponte and asserts that this action constituted a gross miscarriage of justice. Given that these arguments also challenge the decision to deny the motion to reopen sua sponte, we lack jurisdiction to review this decision. *See Enriquez-Alvarado*, 371 F.3d at 250.

Finally, Baeza Hernandez asks this court to remand this case to the BIA for a determination of whether his motion to reopen should be considered timely based on equitable tolling. Because the issue of equitable tolling was not properly exhausted, we lack jurisdiction to consider this claim. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

The motion to dismiss the petition for review for lack of jurisdiction is GRANTED, and the petition for review is DISMISSED FOR LACK OF JURISDICTION.