# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2018

Lyle W. Cayce
Clerk

LEVY SAUL SAMAYOA-MONTUFAR,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 742 588

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Levy Saul Samayoa-Montufar, a native and citizen of Guatemala, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of the BIA's previous denial as untimely and number-barred of a motion to reopen, in which he claimed that his first counsel was ineffective for failing to notify him of his scheduled removal hearing. Because Samayoa-Montufar submitted additional evidence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with his motion, the BIA construed it as also seeking reopening of his immigration proceedings.  Samayoa-Montufar additionally seeks review of the BIA's decision to deny that motion.

We will not consider Samayoa-Montufar's challenges to the BIA's denial of his motion for reconsideration based on his assertions that it erred in denying his previous motion to reopen (1) as time-barred because his first counsel's failure to notify him of the removal hearing constituted an exception to the time limitation pursuant to 8 C.F.R. § 1003.23(b)(4)(ii) and (2) because contrary to *Mata v. Lynch*, 135 S. Ct. 2150 (2015), it believed it could not exercise its sua sponte authority to reopen the proceedings based on a claim of ineffective assistance of counsel.  We lack jurisdiction to review those arguments because Samayoa-Montufar failed to exhaust those claims by failing to raise them properly before the BIA.  *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986).

Samayoa-Montufar has not shown that the BIA abused its discretion in denying his motion for reconsideration.  *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (holding the denial of a motion for reconsideration is reviewed under a "highly deferential abuse-of-discretion standard").  A motion for reconsideration of a prior BIA decision may be made to obtain a re-evaluation of record evidence in light of "a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao*, 404 F.3d at 301; 8 C.F.R. § 1003.2(b)(1).

The BIA denied Samayoa-Montufar's motion for reconsideration because Samayoa-Montufar failed to demonstrate a legal or factual error in its previous decision or an argument that the BIA overlooked.  In his motion for reconsideration and his petition for review, Samayoa-Montufar essentially repeated the same underlying arguments he raised in his previous motion to

reopen.  However, a motion to reconsider "is not a process by which a party may submit, in essence, the same brief presented on appeal" or "seek reconsideration by generally alleging error in the prior Board decision." *Erazo-Aguilar v. Sessions*, __ F. App'x __, 2018 WL 1902383, 1 (5th Cir. April 20, 2018) (quoting *In re O-S-G-*, 24 I. & N. Dec. 56, 57-58 (BIA 2006)).  Samayoa-Montufar's inclusion of his previously raised arguments in his motion for reconsideration merely showed his disagreement with the BIA's prior decision and was insufficient to justify reconsideration.  *Serova v. Lynch*, 653 F. App'x 801, 802 (5th Cir. 2016).

Samayoa-Montufar also has not shown that the BIA abused its discretion in denying his construed motion for reopening.  The BIA denied Samayoa-Montufar's motion because the submitted evidence was not new or previously unavailable and material.  *See* § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  Samayoa-Montufar does not argue in his petition for review that the BIA abused its discretion by denying his construed motion to reopen on that basis.  He has waived any challenge to the BIA's decision by failing to brief the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

To the extent that Samayoa-Montufar challenges the BIA's refusal to exercise its sua sponte authority to grant his construed motion to reopen, we lack jurisdiction to review that decision.  *See Hernandez v. Sessions*, 684 F. App'x 435, 436 (5th Cir. 2017); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004).

For the foregoing reasons, Samayoa-Montufar's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.